### DOYLE *v.* WIDRIG.

1. CONTRACTS—TRIAL—ORAL AGREEMENT—DISPUTED QUESTION—QUESTION FOR JURY.

In an action for certain automobile parts and repairs furnished by plaintiff, an automobile distributor, to defendant, a local agent for same, which liability defendant admitted, but claimed a set-off, alleging the making of an oral agreement between plaintiff's manager and himself that he should be allowed a discount on the cost price of cars in addition to that provided in the written contract if he would purchase 25 additional cars, contradictory testimony as to the making of the claimed agreement, *held*, to present a question of fact peculiarly within the province of the jury.

2. SAME—AGENT'S AUTHORITY—QUESTION FOR JURY.

Evidence that defendant's contract with plaintiff was made in said manager's office, that he had charge of the associate dealers and sold them cars, that he hired and discharged the help and sometimes signed checks, and that plaintiff admitted that next to himself said manager was "it," together with surrounding circumstances, *held*, sufficient to send the question of his authority to make said agreement to the jury.

3. FRAUDS, STATUTE OF—EXCEPTION—ORAL AGREEMENT.

Where defendant bought 25 additional cars under an oral agreement, and was allowed the claimed additional discount on the last four cars purchased, it cannot be contended that the agreement for said additional discount was void under the statute of frauds (3 Comp. Laws 1915, § 11835), because an oral one involving more than $100, since it comes within the exception therein provided.

Error to Oakland; Rockwell, J. Submitted June 10, 1919. (Docket No. 89.) Decided October 6, 1919.

Assumpsit in justice's court by Thomas J. Doyle against Arthur S. Widrig for goods sold and delivered. There was judgment for defendant, and plaintiff ap-

pealed to the circuit court. Judgment for defendant. Plaintiff brings error. Affirmed.

*Monaghan, Monaghan, O'Brien & Crowley,* for appellant.

*Charles S. Matthews,* for appellee.

Bird, C. J. Plaintiff sued defendant to recover for certain automobile parts and repairs which he had theretofore furnished him. Defendant pleaded the general issue and gave notice of set-off. His claim was that plaintiff owed him on account of certain discounts on the manufacturers' price of cars which he had purchased of him. Their matters of difference were submitted to a jury on plaintiff's claim that defendant owed him a balance of $313, and on defendant's claim that plaintiff owed him a balance of $362.50. The jury found for defendant and allowed him his entire claim. Following this a new trial was applied for and denied. Plaintiff has assigned several errors.

1. It is claimed the verdict was against the great weight of the evidence. Defendant admitted on the trial that he was indebted to plaintiff for parts and repairs in the sum which he claimed, but he insisted that plaintiff was owing him an amount sufficient to wipe out plaintiff's claim and leave a balance due him of $362.50. The contested issue was whether the claimed set-off should be allowed. The proofs show that plaintiff was an automobile distributor for the Dodge Bros. cars for Wayne and Oakland counties, and that defendant had a written contract with plaintiff to work a portion of Oakland county. The contract covered a period of one year from July 16, 1916. Defendant contracted to purchase 25 cars. The discounts from manufacturers' prices were stated in the contract as follows:

"The associate dealer's purchases of complete motor

cars shall be billed to the associate dealer and be paid for by him at the following percentages off the manufacturer's list prices:

6 to 12 cars, inclusive, 15%
13 to 24 cars, inclusive, 16%
25 to 49 cars, inclusive, 17%

"Each percentage of discount as shown above, will apply only to its specific quantity of motor cars, and will not apply on the preceding quantity unit."

Defendant had sold, up to February 1, 1917, 17 cars. About that date one Comstock, who was plaintiff's general sales manager, called upon defendant at Pontiac and advised him that there was going to be a shortage of cars for the year 1917 and that they were going to advance in price, and suggested that he purchase all the cars he could and store them against the summer's need. Defendant claims in this talk Comstock promised him a discount of 18% on all cars he sold in the year if he would purchase 50. Acting on Comstock's advice he purchased 25 additional cars, placed them in storage and insured them. Defendant sold during the year the 50 cars and 4 more. At the end of the season defendant wanted a settlement on the 18% discount basis but plaintiff refused, and at the trial he repudiated the contract of Comstock and denied that he had the authority to make such a contract. The testimony of defendant is in direct conflict with the testimony of plaintiff and Comstock. In addition plaintiff points to the fact that defendant accepted the discount named in the contract on cars up to and including the 49th, and paid for them, and argues that it is improbable that he would have done so if plaintiff was owing him at that time for additional discounts. Defendant, on the other hand, points to the fact that plaintiff allowed him the discount of 18% on the last 4 cars he purchased as proof of his assertion that the agreement was made. Upon cross-examination both parties offered plausible explanations

of their conduct in these respects. There was other testimony which made for and against their respective contentions. It can readily be gathered from the foregoing that the question was peculiarly one of fact and clearly within the province of the jury. The jury could have found either way without being open to criticism. This being true, it would be improper for us to disturb it.

2. But plaintiff says there was no competent testimony before the jury that Comstock had the authority to make the arrangement for the additional discount of 18%. It appears that Comstock was plaintiff's general sales manager and that the contract with defendant was made in his office; that he had charge of the associate dealers and sold them cars; that he hired and discharged the help and sometimes signed checks, and plaintiff himself says as to Comstock's authority, that next to him, Comstock was "it." This testimony, together with the surrounding circumstances, was sufficient to send the question of his authority to the jury.

3. The further question is raised that the subsequent contract was an oral one involving more than $100 and, therefore, void under the statute of frauds. That the contract being oral and void under the statute of frauds, it cannot be used under the rule which permits written contracts to be modified by subsequent parol contracts. The difficulty with this contention is that the agreement appears to come within the exception of the statute which provides that:

"A contract to sell or a sale of any goods or choses in action of the value of one hundred dollars or upwards shall not be enforceable by action, unless the buyer shall accept part of the goods or choses in action so contracted to be sold or sold, and actually receive the same, or give something in earnest to bind the contract, or in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged, or his agent in that behalf." 3 Comp. Laws 1915, § 11835, subd. 1.

The initial contract called for only 25 cars. In the agreement with Comstock defendant agreed to, and did, take 25 additional cars which he stored and insured. Besides this plaintiff allowed defendant the claimed discount on the last 4 cars, from which an inference is drawn that plaintiff understood the agreement as he did. The statute of frauds appears to have no application to this agreement.

We discover no reversible error in the proceedings. The judgment of the trial court is affirmed.

MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.

The late Justice OSTRANDER took no part in this decision.